# In the United States Court of Federal Claims
(Pro Se)

|  |  |  |
|---|---|---|
| DAVID ANDREW DELL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 20-500C<br>(Filed: August 20, 2020) |
| THE UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

**KAPLAN, Judge.**

Plaintiff David Andrew Dell, proceeding pro se, filed this civil action against the United States on April 20, 2020. He alleges violations of the Second and Eighth Amendments, Article 5 of the United Nations' Universal Declaration of Human Rights, 50 U.S.C. § 1520a, and the Federal Tort Claims Act. Compl. at 1, Docket No. 1. Mr. Dell also seeks redress for breach of contract and protection for intellectual property. Id. at 1, 3.

On June 19, 2020, the government moved to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Def.'s Mot. To Dismiss ("Def.'s Mot."), Docket No. 8. For the reasons discussed below, the government's motion to dismiss is **GRANTED** and Plaintiff's complaint is **DISMISSED** for lack of subject-matter jurisdiction.

## DISCUSSION

In considering a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts all undisputed facts in the pleadings as true and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, pro se plaintiffs must still establish that jurisdictional requirements have been met. Harris v. United States, 113 Fed. Cl. 290, 292 (2013).

The Tucker Act provides that the Court of Federal Claims "shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act is solely a jurisdictional statute which "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Thus, a plaintiff must identify a separate

money-mandating source of substantive rights in order to establish the court's jurisdiction. See Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part). Mr. Dell has not identified a money-mandating statute or constitutional provision which would grant the Court jurisdiction over any of his claims. Although Mr. Dell has not yet filed a response to the government's motion to dismiss, the Court must dismiss claims over which it lacks subject-matter jurisdiction. RCFC 12(h)(3).

First, Mr. Dell alleges that the government "has dissolved [his] constitutional right to an individual to keep and bear arms" in violation of the Second Amendment. Compl. at 2. However, the Second Amendment is not money-mandating. Jordan v. United States, 128 Fed. Cl. 46, 53 (2016). Accordingly, the Court lacks jurisdictions over such claims. Elkins v. United States, 229 Ct. Cl. 607, 608 (1981) (per curiam) (holding that, "except for the taking clause of the fifth amendment, the other amendments do not require the United States to pay money for their alleged violation").

Next, Mr. Dell asserts violations of the Eighth Amendment, claiming that the government has "failed to hold businesses accountable for acts of cruel and unusual punishment" and has "promoted acts of cruel and unusual punishment to conspire business activity and decisions." Compl. at 2. The Eighth Amendment states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. That amendment is not money-mandating. Accordingly, the Court "possesses no jurisdiction over plaintiff's Eighth Amendment claims." Jordan v. United States, 128 Fed. Cl. 46, 54 (2016).

The Court also lacks jurisdiction over Mr. Dell's claims to the extent that they are based on Article 5 of the United Nations' Universal Declaration of Human Rights ("UDHR"). Gimbernat v. United States, 84 Fed. Cl. 350, 354 (2008) (explaining that the "UDHR does not contain any substantive rights enforceable against the federal government for money damages, as required under the Tucker Act," and such claims are therefore outside the jurisdictional scope of the Court of Federal Claims). The proper forum for claims arising from treaties of the United States are the United States district courts. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Mr. Dell further asserts that the Court's jurisdiction is founded upon 50 U.S.C. § 1520a. Compl. at 1. However, this section does not establish a substantive right of recovery. Norman v. Campbell, 87 F. App'x 582, 584 (7th Cir. 2003) (expressing "doubt" that section 1520a, a statute which requires the Secretary of Defense to obtain informed consent before testing a chemical or biological agent on human subjects, allows a private cause of action).

Mr. Dell also invokes the Federal Tort Claims Act and seeks relief based on the tort of "Defamation and Reputation." Compl. at 1. His complaint alleges that the government has "failed to provide resources," "failed to enforce the rules of the FCC and radio airways," and "created a barrier [to Plaintiff's] right to an attorney and/or right to counsel." Id. at 2. The Federal Torts Claims Act ("FTCA") grants United States district courts exclusive jurisdiction to hear tort claims against the United States. 28 U.S.C. § 1346; see also 28 U.S.C. § 1491 (stating that the United States Court of Federal Claims has jurisdiction over "cases not sounding in tort"). To the extent that Mr. Dell's claims sound in tort, they are firmly outside the scope of the Court's jurisdiction. Elkins, 229 Ct. Cl. at 608. Additionally, Mr. Dell asks for restitution, asserting "Breach of Contract." Compl. at 1. His complaint, however, fails to allege any facts pointing to the existence of a contract which could support the exercise of the Court's jurisdiction.

Finally, the Court is asked to "[i]nvestigate" and "safeguard" Plaintiff's "business ideas Blue Print and Theme Park" through patent and copyright. Compl. at 3. The Court of Federal Claims has exclusive jurisdiction for suits seeking damages as a result of infringement of a copyright or patent by the United States government. 28 U.S.C. § 1498(a). However, "actual copyright registration, or the denial of copyright registration, is required prior to bringing suit for copyright infringement." Jennette v. United States, 77 Fed. Cl. 126, 131 (2007); see also 17 U.S.C. § 411(a) (explaining that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title"). Likewise, "section 1498 does not grant the Court of Federal Claims jurisdiction over a claim for alleged infringement of an unissued patent." Martin v. United States, 99 Fed. Cl. 627, 632 (2011) (citing 28 U.S.C. § 1498(a)). Plaintiff has not alleged that he owns or has attempted to obtain either a copyright or a patent, nor that the United States has infringed on any which he already owns. Accordingly, the Court lacks jurisdiction over any claims Plaintiff might be asserting pursuant to 28 U.S.C. § 1498(b).

## CONCLUSION

The government's motion to dismiss for lack of subject-matter jurisdiction is **GRANTED** and Mr. Dell's complaint is **DISMISSED without prejudice**. The Clerk shall enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

*Elaine D. Kaplan*
ELAINE D. KAPLAN
Judge
